UNITED STATES *v.* ALTRAY COMPANY  (No. 5272)*

---

*C.A.D. 919.

United States Court of Customs and Patent Appeals, May 25, 1967

*Barefoot Sanders*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, *Irving A. Mandel* for the United States.

*Barnes, Richardson & Colburn (Joseph Schwartz, Earl R. Lidstrom*, of counsel) for appellee.

[Oral argument April 5, 1967 by Mr. Vance and Mr. Lidstrom]

Before WORLEY, Chief Judge, RICH, SMITH, and ALMOND, Associate Judges

RICH, Judge, delivered the opinion of the court:

This appeal is from the judgment of the United States Customs Court, 57 Cust. Ct. 60, C.D. 2726, sustaining the importer's protest to the classification of merchandise consisting of miniature artificial Christmas trees, each about two inches high and adhesively affixed at the base to a foil-wrapped chocolate wafer. The miniature tree and wafers were classified separately, the former as articles in chief value of artificial stems of visca under paragraph 1518(a) of the Tariff Act of 1930 as modified by T.D. 53865 and the latter as wafers under paragraph 733 of the same act as modified by T.D. 54108. They were claimed as manufactured articles, not specially provided for, under paragraph 1558 of the Tariff Act of 1930, as modified by T.D. 52739.

The pertinent statutes are as follows:

Paragraph 733, Tariff Act of 1930, as modified by T.D. 54108:

Biscuits, wafers, cake, cakes, and similar baked articles, and
    puddings, all the foregoing by whatever name known,
    whether or not containing chocolate, nuts, fruits, or con-
    fectionery of any kind_____ 8½% ad val.

Paragraph 1518(a), Tariff Act of 1930, as modified by T.D. 53865:

Boas, boutonnieres, wreaths, and all articles not specially provided for,
    composed wholly or in chief value of any of the fruits, vegetables, grasses,

grains, leaves, flowers, stems, or parts provided for in the preceding item 1518(a) which components are wholly or in chief value of—

Yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile_____ 50% ad val.

Paragraph 1558, Tariff Act of 1930, as modified by T.D. 52739:

Articles manufactured, in whole or in part, not specially provided for (except * * *)_____ 10% ad val.

The case was tried on the following stipulations:
(References to the admission of samples into evidence are omitted.)

1. That the merchandise involved * * * is described on the invoices as chocolate covered wafer tree pots * * *.

\*    \*    \*    \*    \*    \*    \*

3. That the merchandise was assessed as follows: 65% of the invoice unit value as wafers under Paragraph 733 and T.D. 54108 at the rate of 8½% ad valorem, and 35% of the invoice unit value as articles in chief value of artificial stems of visca under Paragraph 1518 and T.D. 53865 at the rate of 50% ad valorem.

4. That in its condition as imported, the tree portion * * * is securely glued to the (wafer) pot portion.

5. That the imported merchandise, consisting of the pot and the tree, is always imported, and sold, as an entity and the tree and wafer pot are never sold separately or without being attached together. In the first instance, the imported article, tree and wafer pot, are used attached together. However, miniature Christmas trees similar to the tree portion of the imported merchandise * * * were sold and used as a separate and distinct article of commerce in the United States at the time of importation of the merchandise involved herein.

6. That the imported merchandise is most frequently dispensed as a party favor.

Representative samples of the imported merchandise and the miniature Christmas trees alluded to in stipulation No. 5 are in evidence.

The principal issue in the case is whether the combination of tree and wafer constitutes an entirety within the meaning of the customs law.

The importer argues that it does. The case law, in the importer's opinion, establishes "that where two or more recognizable components are imported as a single unit, then the whole article, rather than the recognizable components, is classified." It is further urged that the single unit in this case is a "party favor," an article of commerce, and that the separate commercial value of its components is, therefore, irrelevant.

The government in arguing that the doctrine of entireties requires an essentially new article of commerce to which the identities of the components are subordinated, says:

* * * the wafer tree pot is a "favor" of a novel sort precisely because its two components, tree and wafer, are so disparate in nature that their temporary

joinder by glue does not subordinate the identity or function of either to an essentially new article of commerce. The wafer is eaten, as is any wafer. The tree remains a tree, to be used as one would use a like article purchased separately. * * *

* * * The very fact that the tree has a reasonable degree of permanency, as opposed to the edible wafer from which it may easily be separated, is contradictory of any affinity and persuasive of their separate identities.

The Customs Court held that the miniature trees and wafers were entireties. It pointed to the discussion of the doctrine of entireties in *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, 318, T.D. 41232 (1925), which held corsets and their lace trimming, not yet attached, but imported in the same cases, to be entireties and properly classified as a unit. The Customs Court referred specifically to the court's recognition, in *Altman*, of the separate commercial value of the lace and corsets. The court also discussed several of its own cases and found them consistent with its determination here.

Judge Donlon, dissenting, said:

Because the attachment between the two articles here is so patently temporary; because the nature of the confection in this "favor" is that it is intended to be consumed (as candies in a "favor" container at one's dinner place are); because the tree which remains after the confection has been eaten continues to be usable and a complete article, like other trees which are imported without the confection; and because a favor, like a gift, is not of itself a tariff entity; I find that the tree and the chocolate confection of the imported article retain their individual identities and are not subordinated to the identity of the combination.

The importer's case is built on the stipulations that the wafer and tree are affixed to one another when they are imported and that they remain so affixed when they are sold. The majority below seemed to think that this was determinative of the entireties issue. We do not agree. ▮ "The mere fact that * * * [the articles] may be bought, sold, and used together, in sets, does not require that they be regarded as entireties for tariff purposes." *Lang Co.* v. *United States*, 15 CCPA 341, 342, T.D. 42495 (1927).

Mere ▮ juxtaposition at importation or in trade does not preclude further analysis. The difficulty is in the selection of appropriate standards for that analysis. It is suggested that the dispositive consideration is whether the identity of the individual components has been submerged. However, it seems to us that ▮ where the design of the combination in issue by its very nature contemplates its disassembly and the utilization of the constituents in the very manner for which they are otherwise used and when articles very similar to those constituents are on sale as separate items, the combination is not, in the sense of the customs law, an entirety. To hold otherwise would only facilitate subversion of the congressional intent. The doctrine of en-

tireties, as we have recently pointed out, may never be so used. *Miniature Fashions, Inc.* v. *United States*, 54 CCPA 11, C.A.D. 894. Cf. *United States* v. *Schoverling*, 146 U.S. 76 (1892). The cases relied upon below are not to the contrary.

We hold, then, that the units of the importation are not entireties. The judgment of the Customs Court is therefore *reversed*.

WORLEY, C.J., did not participate.